Thank you. Please be seated. I should note that I'm here in the courtroom with Judge Parker. Judge LaValle is participating remotely, so you will see him on the screen at the podium. We have two cases and one argued motion on the calendar for today, and so we'll proceed first to the motion in Number 22-1183, Everytown for Gun Safety v. Defcad, Inc. Mr. Schmutter. Go ahead. May it please the Court. This case raises some very emotional issues, but litigants are still entitled to basic due process. The Court, of course, has read my papers, so I won't repeat what's in them. I thought I would address the plaintiff's opposition brief and, of course, any questions. How are you denied basic due process? Your Honor, there's several ways. Number one, we were given a timeframe by the magistrate to file our jurisdictional motion. We're moving to dismiss for lack of personal jurisdiction and the alternative to transfer venue for lack of venue, proper venue. We met with the magistrate on May 18th at a conference. There was a very significant and lengthy discussion about timing. The plaintiff objected to June 15th as the date that we wanted to file our motion. The plaintiff wanted us to file our motion May 25th, which was just the following week. The magistrate asked me, why do you need that extra time, especially because there was already some papering of the issue in our PI opposition brief, our preliminary injunction opposition brief. We discussed it with the magistrate regarding my personal... What is the basis of your contention that these scheduling orders are appealable at this point? The scheduling orders are intertwined with the May 26th order denying the unfiled motion to proceed anonymously. They all implicate our ability to proceed in an anonymous fashion. I don't understand what you just said. How do they implicate your ability to proceed in an anonymous fashion? Your Honor, we asked at the May 18th conference, we requested leave to file the motion to proceed anonymously. The magistrate indicated that he was unclear as to whether it was his place to determine that procedure and ultimately concluded that we should address it with the district court. We're here on an emergency stay motion, and you said that there were due process issues, which I was not able to glean from your papers, that presumably impacted the stay motion. I would appreciate whatever help you can get. If you're saying the scheduling orders implicated your right to proceed anonymously, doesn't that mean that you think that the harm is the First Amendment problem? There's two harms, Your Honor. There's the First Amendment problem, and there's the ability to file papers. I made it clear to the magistrate, and again, that's why I say this discussion was very extensive. You're saying it's a due process problem that you were denied the motion to proceed anonymously before you actually got to file it and provide all your reasons. That is one of the due process problems. The other due process problem is that we made it clear on the record that I was traveling out of state on business the week immediately following the conference. The following week, I then had depositions and a mediation, and our ability to marshal the information necessary to file our supplemental papers was going to be incredibly difficult. I'm in a very small office, and the magistrate grilled me very extensively on whether the reasons were valid, and he accepted them as valid reasons. And so over the plaintiff's objection, he gave us until June 15th to marshal that information and to file our full motion. Then on Monday, suddenly, we discovered that that entire conversation and the reasons that were accepted by the magistrate were all undone the following Monday. Instead, we were being expected four days later to do exactly what the magistrate authorized us to do on June 15th. Then on Wednesday, when I was diagnosed with COVID, so we filed an emergency request to the district judge on Tuesday, the 24th. I was supposed to get on a plane on my business trip on Wednesday, the 25th, an hour before my Uber arrived. I was feeling sick. I took a test, tested positive. Excuse me. This is all very well, but the issue of urgency here is whether the district judge's order that you provide your identities in connection with your motion to dismiss for lack of jurisdiction, that's the issue. And you're going on at great length about the district judge superseding the magistrate judge's order and shortening the time. But that is not something that is appealable under the collateral issue. So why don't we talk about the First Amendment problem? So the other harm, do you say, that your clients would have is the revelation of their identities? Correct. So the Arrest of Records issue is on appeal before this court as we speak. That's 21-3079. But Arrest of Records, Sony Music, that's about a very different issue than the motion to proceed anonymously. That's about a plaintiff trying to locate and identify a defendant that they're trying to sue. Remember what happened in Arrest of Records and Sony Music. Those are BitTorrent illegal music downloading cases where somebody in, I don't know, North Korea or China or wherever is hiding out from the jurisdiction of the court trying to escape liability. And the plaintiff comes to the court and says, Judge, I can't find these people. What do I do? Well, in connection with the motion to dismiss for lack of jurisdiction, you are supporting that motion with an affidavit saying that your client's affidavit saying we have no connection with New York. We don't have sufficient connection with New York to give the New York court jurisdiction over us. But you're doing it in a manner anonymously that prevents the plaintiff from defending against your affidavit. There's no way that the plaintiff can cross-examine you that way and even less way that the plaintiff can investigate to determine the accuracy or inaccuracy of your affidavits. So the court is in a position in which if it wants to – if you want to credit your – you want your affidavit to be credited, you have to do what the district court said. But your ability to remain anonymous is not at stake here. You can not give it up and still litigate anonymously. You're just likely to lose your motion to dismiss for lack of jurisdiction because you haven't supported it by evidence that's cognizable. And, Judge, that's why we wanted to file a motion to proceed anonymously. We wanted to establish an acceptable method to establish a record because we knew that Judge Gardner was not going to – This has nothing to do with your proceeding in the merits case anonymously. This has to do with the – with whether your motion to dismiss for lack of jurisdiction should be granted or denied. And while the district court said it can't decide the motion without this information, that was a little bit of overstatement by the district court. The district court can perfectly well decide it. It just can't decide it in your favor because you haven't put in – you haven't supported it by cognizable evidence. Based on what the district judge said, we thought we had to engage the court in a method to not just make a record on personal jurisdiction but also on the preliminary injunction. I don't care what you thought. I don't care what you thought. The issue is – the issue is that you haven't supported your motion to dismiss for lack of jurisdiction by cognizable evidence. It sounds like you were about to say that you might have a method for establishing – for supporting the personal jurisdiction defense. But before we get to that, is your understanding of what the district court did the same as Judge LaValle's? So it seems that in the briefing, the parties seem to think that the district court made a discovery order and just ordered the release of this information. But another way of seeing what the district court did was it just said I can't adjudicate the personal jurisdiction defense without knowing the identities of the defendants. And therefore, if I don't have that information, I will deny the personal jurisdiction defense. But you'd have – I mean if you were to waive personal jurisdiction, you might be able to proceed anonymously on other issues. Is that your understanding? No, the judge did both, Your Honor. He actually ordered disclosure by June 3rd. So he ordered disclosure by today regardless of whether we – whether it was a strategic or tactical matter. We thought we should stand on anonymous declarations or seek a procedure by which the district court would accept. So your understanding of what the district court did is if you do not reveal the information by June 3rd, you would not only lose your personal jurisdiction defense, but you'd be held in contempt. Yes, Judge. That's exactly what it sounds like. That's exactly – we believe that's exactly what he did. And we didn't have the option to be – Where is that in the record? That's in – that's in the – the – Well, where did Judge Gardner say that? In the May 26th order. He says the defendants shall reveal their identities. He does say the anonymous defendants won't – Where is the language about contempt? I'm sorry, Judge? Where is the language about contempt? I didn't see it. Well, if you don't follow an order, you're in contempt. I mean, that follows from the – Right, so your understanding is because he says the anonymous defendants will disclose their identities, including their names and addresses, as of October 22nd, 2021, to plaintiff in this court by June 3rd, 2022. You think it's going beyond saying you can't support your personal jurisdiction, it depends on this information, to saying you're ordered to do it on penalty of contempt. I see the amount of time. May I answer? You can continue. Yes, that is exactly how we understand it. May I make one request? I must – Well, can I ask – can I ask if, in fact, it's the other thing? Let's say that actually it's a bit of an overstatement, as Judge LaValle suggested, and what the district court is saying is, well, I do not think the anonymous affidavits are sufficient to support your personal jurisdiction defense, and therefore, without disclosure of the identities, you'll lose the personal jurisdiction defense, but you might be able to remain anonymous for other things that might be adjudicated. Would that be a reasonable position by the district court? Not if the court doesn't allow us to move for a procedure that the court would find acceptable. That's the whole point of the motion to proceed anonymously. The district court made it very clear in that order that the subject matter of the order was the motion to dismiss for lack of jurisdiction. The order clearly states that this is – that your requirement is a discovery order. It says you've got to disclose what they're asking for in connection with this, and it happens all the time. It's not a rare thing that somebody is ordered to disclose something in discovery that they don't want to disclose. They don't disclose it, and then there are consequences, which can be simply that the evidence is disallowed or the court draws inferences against you, and that's it. Your Honor, we believe he was also talking about the preliminary injunction record, but that's exactly why we were looking for – Well, the order makes it very clear. He's talking about the motion to dismiss for lack of jurisdiction. The order says that, does it not? It says – and the P.I. It also says – it also refers to the preliminary injunction record, and that's also in connection with the December 14th order where Judge Gardoffy first says that there is no evidentiary worth. So it's pretty clear that the judge thinks that we can't make a record either on personal jurisdiction or on the preliminary injunction with these affidavits, which is why we wanted to engage the court on a method that the court would find acceptable. We recognize – I'm not here to superintend Judge Gardoffy's management of this case or of the magistrate's management of the case. The only issue before us is whether you've met the tests necessary to get a stay. This is not a – this is not a plenary hearing on the case. I understand your – we think we've met that. All right. So you have a likelihood of success on reversing the district court's decision to deny the motion to proceed anonymously, right? Yes, for two reasons. Both because we didn't have a chance to file the motion, so the court ruled on a motion we didn't even file yet. Second, the judge – and this implicates the scheduling orders – the judge didn't give us sufficient time to file that motion. When we raised it with the magistrate on May 18th – But that's the reason it would be reversed? I mean, I thought your argument was that the district court didn't take account of your First Amendment interest in anonymous speech. It's that, too. There are multiple issues here, Your Honor. It's the First Amendment interest in anonymous speech. It's the insufficient time for all the reasons that we – So when you interpret this order from the district court and you're saying you didn't understand it as being limited to the personal jurisdiction defense. Correct. Is that because the district court had said in prior orders and during the proceedings, I don't think you have a First Amendment interest in proceeding anonymously? I'm sorry, I didn't understand. The district court has said in the proceeding, I don't think that there is a First Amendment interest in proceeding anonymously, because you can't violate the trademark laws anonymously, right? The court has not said that. The court has said that the plaintiff was entitled to third-party discovery because of the standard of arrest of records and stony music. That's why we contend that these are different issues. One issue is how does a plaintiff track down some random thief in Vietnam or wherever? Explain that. So why is your case different? Our case is different because we're here. We're here litigating. We're fielding lots of line drives, but we're here before the court. We've reserved personal jurisdiction, and we intend to argue – So it's different from arrest of records because there the parties couldn't even be served and engaged in litigation, but here you are. Correct. But you are contesting the court's jurisdiction over you by filing a personal jurisdiction defense. This court's jurisdiction. A court has jurisdiction over us, and this will be litigated somewhere, either in the Southern District of New York or, we believe, the Western District of Texas. We're not escaping liability or the – So why does the plaintiff not have the right to evaluate whether, in fact, this court has jurisdiction over the defendants? Well, interestingly, twice the plaintiff has said, and said this to the magistrate, that they don't require the identifying information in order to assert – litigate jurisdiction. The magistrate twice asked counsel, do you need the identifying information in order to litigate jurisdiction in the Plurian Junction? And she said no, twice. So it's odd to see that in the papers when they've said – they said to the magistrate that they don't need it. Well, why don't you explain to me why they wouldn't need it? Why they would not need it? So it seems intuitive to think you claim that you don't have any ties to New York. You assert that in an anonymous affidavit, but the plaintiff has the right to contest that affidavit or evaluate the truth of it. And so how can they do that if they don't know who the speakers are? Well, for example, they may not be asserting that there's general jurisdiction. They may be relying only on specific jurisdiction. They don't need to know where we live if it's about specific jurisdiction. They want to talk about the website and the – is it interactive? They're entitled to test it on any of those bases. They're entitled to test it. And, Judge, that's why we want to – we wanted to engage the district court on how we can make a proper record. You've said that a bunch of times. So what is the method that you think the district court should follow which would allow for adequate testing of the jurisdictional defense without revealing the identities? Well, there are a number of ways to do it, but one way to do it is to have the right to file under seal. One way to do it is to do it in camera or ex parte. The cases we cited show the courts do this all the time, and the courts should fashion a remedy to enable us to do that. So there is a stipulated confidentiality order in your proceedings. So why wouldn't this information be subject to that order? Well, so – Or would you be allowed to market confidentiality? So there's two risks. Wait, can I just get an answer to that question? There are two issues there. Number one, it's not an automatic thing. The confidentiality order still requires the filing of a letter brief to justify the sealing of a record. So we still have a burden to satisfy, and there's risk there. Number two, I worry that the plaintiff will argue and perhaps the district court will say, oh, well, this isn't discovery. This order only applies to discovery materials. These are affidavits that you're filing separate from discovery materials. Therefore, it doesn't count. That's why I wanted to establish a clear and understood method that we could follow. I wanted the court to say, okay, that method is not acceptable, but this one is. So follow method B, and you can litigate, and everybody will be happy. That's what the whole point of the motion to proceed anonymously was, to establish what's acceptable to the court. I get that you think that you should be able to establish that in advance, but it sounds like the answer is you could seek this information. It's just a confidentiality order. You're just saying it's not guaranteed the district court would honor that because there's a procedure by which you have to request that treatment from the district court. Is that right? Well, the court has already indicated that our methods are unacceptable. So we were required to do this on short notice. That's the other problem. That's why the scheduling orders are intertwined with the May 26th order, because we needed time to be able to engage the court on that issue. And when we were surprised- Can I ask a sort of larger question? So I sort of understand your argument that you're engaging in anonymous speech. Your argument is that your clients are engaging in a parody in its political speech, and this isn't a meritorious trademark claim. First of all, that's a merits determination, right? Yes. But I understand the concern that somebody might file a claim and unmask a speaker who's criticizing them and get a remedy, even if they don't ultimately prevail on the claim. But sometimes claims are meritorious, and sometimes they're in between clearly meritorious and clearly frivolous. And so how do we evaluate that? How do we evaluate the strength of your client's First Amendment interest without determining the merits of the claim? Well, certainly on the unmasking issue, there's a very well-established body of case law, and that is the subject of our appeal in 21-3079. Outside this circuit, there are very rigorous procedures that every other court uses, including providing notice, which we never got. And so in that other appeal, we argue that Arrester Records is not the correct standard for our situation. This circuit does not have an established case law on the kind of standards that would be applied in this kind of case. And the standard would be what? It would be to take a look at it to see if it's sufficient, if it implicates the First Amendment to enough of an extent that there's an interest in anonymous speech? Well, certainly. And if it meets that standard, then we would say that the district court has to allow the defendant to proceed anonymously? I mean, Your Honor, it's fully briefed in our opening brief in the other case. But just quickly, there's a series of things that have to happen. Number one, you have to provide notice. You have to give the anonymous parties the opportunity to come in and oppose the unmasking, which was not done here. Number two, there has to be a strong showing by the plaintiff of the merits of the claim and the standard that we believe. There are various standards the court's applying, summary judgment standard, motion to dismiss standard, prime official case standard. We think the strongest standard should be applied because of the important First Amendment issues. And then the court has to weigh that. It's not just a threshold issue that says, oh, you've shown something, therefore you win. The court has to weigh the strength of the case and the need for the information versus the strength and importance of the First Amendment right. And that wasn't done here, and that is the procedure. Okay, I have that argument. Can I ask another question that follows up on something earlier? So if, in fact, the district court were to put you to the choice of maintaining your personal jurisdiction defense or maintain your anonymity, but because it had determined that you can't adjudicate the personal jurisdiction without knowing the identities of the defendants, but that wouldn't mean you wouldn't necessarily be able to maintain anonymity with respect to other defenses. Would your clients reveal the identities, or would you waive the personal jurisdiction defense? We would not waive the personal jurisdiction defense, Judge. That's critically important. And I know I keep saying this. I apologize. I know I keep saying this. It's exactly why we wanted to engage the district court in a procedure that was acceptable. We needed some procedure that we knew was acceptable to make the proper record. It was critically important to us. And that's one of the critical things we were deprived of, which is why we're here today. May I address a very- Let me be clear. I'm simply speaking for myself, not for my colleagues on the bench. We're here today on a stay motion. It's not, in my opinion, our job to generally superintend at this juncture the procedures or the problems or the questions that arise in the district court. You're asking for a stay. The law is quite clear on what you have to show to make it. I haven't heard anything on that issue that satisfies me. And I've got to say, the more you talk, the less convinced I am that you're entitled to a stay. I'm sorry, Judge. Can I just address two very, very important things? Number one, there was a- What do they have to do with it? What are they pertinent to? An error that I made in the record. I must correct it, please. Okay, go ahead. It's very important, and I'm very embarrassed by it, but it has to be said. And the plaintiff's brief pointed this out to me, and I apologize for the mistake. So in paragraph 11 of my declaration, I mistakenly said that no one objected to the anonymous declarations, and that's a mistake. That's not accurate. The plaintiff reminded me that in their December 10th reply brief, they did object. And so the court's language in the December 14th order was not corresponding, although it was ex parte. And so I don't think it changes the merits of our application because we did not have an opportunity to respond to the objection. But I apologize for my misstatement. Okay, so there was an objection. But just in response to Judge Parker's concern, it sounds like you think you have a likelihood of success because the district court circumvented the procedures that you thought you were following in order to be heard on this question and discounted the First Amendment interest that you have to proceed anonymously. Is that right? Yes. The reliance interest in the June 15th date, the fact that all of the issues we raised to get to June 15th date were swept away the following Monday, that we relied on it, and the fact that it's intertwined. The basis for this is essentially nowhere other than in your head. I'm sorry, Judge? The basis for what you have just said is not grounded in the record. It is essentially nowhere other than in your mind. Judge, it's in the record before the magistrate. The magistrate heard all those reasons and accepted all those reasons as valid. You know, I'd be interested in what your opponents have to say. Well, if we focus just on the order denying the motion to proceed anonymously, what's the error in that document? I'm sorry? The district court should have considered the filter factors. You can't – I'm sorry. It should have considered more seriously the First Amendment question. What's the specific error? You can't deny a motion that hasn't yet been filed. We were entitled to make a record. We didn't file – we hadn't yet filed any motion, so the judge decided against us without us having had a chance to say anything about it. I mean, you know, the – Okay, but that's a procedural problem maybe, but is there a legal error in the document? The legal error is that – is that – oh, you mean on the merits? The merits of the denial of your motion to proceed anonymously. Well, sure. So it is all the First Amendment factors. It is the fact that under a sealed plaintiff and the other cases dealing with proceeding anonymously, we would be able to show that our defendants are in danger. We have testimony regarding two incidents of swatting, which is essentially attempted murder. We have death threats for another. So that's the record we would make on a motion to proceed anonymously. We didn't have a chance to do that. That's critical. I would simply ask – obviously, we're seeking the stay, but if the court is inclined to deny the stay, we would at least ask that the court give us the timeframe that we were asking for. All we asked the district judge to do, in addition to – we wanted to obviously file a motion to proceed anonymously, but separate and apart from that, we were looking for the judge to honor the June 15th date, let us file our supplemental papers by June 15th, have a hearing on the P.I., the following week, June 24th or sometime thereafter, and at least that deals with the issues that we presented regarding my COVID, the week of the 23rd that I was supposed to be away, the week of the 30th. We get those scheduling problems. Thank you. One question about the procedure. When did the plaintiff move for a preliminary injunction? The motion originally was made, I believe, October 22nd. The court entered the ex parte order on November 5th. So that's – what ex parte order? The November 5th order to show clause was ex parte. We never received notice. We were not noticed, even though the plaintiff – Order of what? Order of what? The November 5th order was an order to show clause that did two things. It ordered the ex parte unmasking discovery, and it set forth a preliminary injunction briefing schedule and hearing. So that was six months we've been waiting for a preliminary injunction hearing? Correct, Judge. And the plaintiffs have not that entire time asked the district judge to put it back on the calendar. They talk about how much of a hurry they're in, but there's not one letter saying to the district judge, can you please put it back on the calendar? It's really urgent. It's odd. And they've never shown prejudice. They don't have a single example of confusion at all. All right. Thank you very much. Thank you, Your Honor. We'll hear from the appellee, Ms. Ballard. Thank you, Your Honor. May it please the court. We're here today on an emergency motion to stay of three orders. Two are scheduling orders, one of which was extended at the defendant's request, and the final one is a discovery order to identify the individual defendants in this case. Right, so you would refer to it as a discovery order. So I guess this is the exchange that Mr. Schmutter had with Judge LaValle. So is your understanding that the district court said you can't support your personal jurisdiction defense without this information, and so if you don't provide it, I'm going to deny it? Or did the district court actually issue a discovery order to reveal the information, and if the defendants don't comply, they'll be held in contempt? I think it's a little of both. And the reason for that is that we have already received certain of this information. For example, in the earlier order spoken of, the November 5th order, we received expedited discovery from Twitter, Odyssey, and Defcat. It was incomplete, inaccurate, and sometimes absurd because the ages, for example, said they were 124 or something like that. So we knew it was inaccurate. Some of the information is also available online, so it hasn't even been kept confidential. For example, the Philip Royster defendant has a PayPal account related to the three Yeezy defendants. None of that is in the anonymous declarations. I point that out only because the anonymous declarations are not only anonymous and evidentiarily worthless, but they also, by omission, by not explaining the relationships between the various defendants, are faulty. I understand this about whether the information might be available. But the district court issued this order that we're now considering whether to stay. It did say the anonymous defendants will disclose their identities, including their names and addresses, to plaintiff and this court by June 3rd, 2022. So it does look like an order of disclosure that they'd be held in contempt if they violated. On the other hand, the district court did say, I need this information to adjudicate the personal jurisdiction defense. They also gave them until June 1st to submit a supplemental submission on personal jurisdiction. I might point out that— But what's your understanding of what the district court did? My understanding is that the district court ordered them to produce their identities so he can evaluate personal jurisdiction, which is raised by them, and he gave them an additional opportunity to further brief personal jurisdiction. Is there anything that prevents the district court from adjudicating personal jurisdiction based on the proposition that, as the record now stands, the defendants contest personal jurisdiction, but they do so on the basis of non-cognizable evidence because anonymous affidavits claiming that the defendants have no connection with New York is not something that can be contested by the adversary, and therefore it's not something that the court would consider. So is there anything that stands in the way of the court saying, all right, I'm adjudicating personal jurisdiction. I'm finding that the defendants have failed to substantiate their claim, and the sanction, or alternatively to say, as a sanction for the defendants' refusal to provide the information that would permit their affidavits to be tested, I'm drawing an inference against their claims. Is that a perfectly standard thing that's explicitly sanctioned by Rule 37? The judge absolutely has the authority to do that and could do that. So to the extent that the judge said I can't adjudicate it, that's a manner of speaking, but he means I can't adjudicate a contested motion, but I can adjudicate it on the grounds that the party claiming the entitlement to relief has not put forth evidence to substantiate. It could be interpreted that way. I agree. The second issue is obviously the June 8th preliminary injunction hearing at which, if the case proceeds forward, assuming an injunction is entered, there's no way of enforcing an injunction or knowing what activities are being taken by whom and in what relationships exist without that information. Well, isn't the conductor seeking to enjoin the posting of the 3-D printed files on these platforms? Correct. So you wouldn't know if these users that you've sued have posted them, right? Well, you also would not, but you would not know if they are posting them under another user name or if they're posting them and downloading them themselves but not through that platform. I see. Can I ask, do you think that the defendants do have some First Amendment interest in anonymous speech that's at stake? Pardon me? Do the defendants have some First Amendment interest in speaking anonymously that's at stake? There is, yes. The defendants do have a limited First Amendment right to make political speech. However, in this case, the defendants have chosen to make commercial speech by taking the identical trademarks of the plaintiff and placing them on firearms, firearms accessories, large-capacity magazines that are compatible with assault rifles emblazoned with our identical trademark. Is that commercial speech? I thought only one of these things was up for sale. It's not really. They are the individual defendants for which the files have been downloaded to New York consumers and the judicial district receive tips in the form of various forms of compensation after the download is completed. DEFCAD charges a subscription to their site for anybody who wants to download the files. But your argument can't really be that they're competing with you in the sale of firearms because you don't produce firearms, right? No, it's just that the way that they are claiming this is pure political speech is flawed. So that lowers the- It's flawed because- Because they're using the identical trademark with no commentary or criticism. They have- So they're creating confusion in the marketplace. They're creating confusion, but more importantly, they are tarnishing by the very placement of the marks on these items. It's sine qua non of tarnishment. They have- we have a famous mark and an intent to disparage. They have admitted an intent to disparage. Well, they admitted it's a disparage, but disparage because they think it's a parody or a criticism, right? But you can criticize, you can mock, you can satirize, but you cannot vilify and disparage by your action. That's the solution. But you say they're making it appear that the print guns come from you. Is that right? Correct. Because they put your trademark. There's an image of the gun with our trademark on it, on the magazine, very prominently. Isn't that their- I mean, I know we're not adjudicating this question, but their argument is by putting it on a gun, it makes it clear that it's not from you because you would never produce guns, right? Sorry. You're allowed to take the mask off if you like while you're on the podium. And we argue that's not clear, that that's not clear from the parody, and that they are selling these downloadable files. They are advertising them. They are promoting them. So you think a reasonable person would believe that you might be producing guns, that Everytown might be producing guns? No, that they see this, and it is harmful to our reputation for political advocacy because there's an immediate- But isn't it harmful to your reputation only if consumers in the marketplace would think that they actually came from your client? They could be horrified by it. They could wonder why- They could be horrified by it if they think that it actually came from your client, right? That could be one- If the consumer would understand there's no way that Everytown was producing firearms, then it wouldn't- These are not the whole firearm. These are accessories for firearms, and there certainly could be a belief that Everytown is producing accessories for firearms, for example, mechanisms on the clip that could make it safer. Okay, so then can I ask, is this the way you see it? So parties do have an interest in anonymous speech when it's political speech. And so if we were entirely confident this was a true parody, there would be more protection for the defendant's speech. And if it was obvious that it was not a parody and it really was clear trademark infringement, there would not be an interest in anonymous speech. Is that your view? And then we kind of have to look at the merits to determine the strength of the First Amendment interest here? There is some merits view. However, I do not think it's that black and white, number one. I think- Well, I would just identify the poles. Right, right. There are cases in between. But if we had an obvious case where it's an obvious parody and the trademark claim really was not meritorious, would we then be compelled to say they have the right to proceed anonymously? I don't think that's what I'm saying. I think this is not an obvious case that the placement of the infringing unlawful placement of our trademark on these items- We're getting mixed up in the merits. I guess I sort of want to know what the framework would be. So let's imagine a different case. So let's imagine there's a public figure like the president. And somebody is anonymous online and they're making political cartoons that criticize the president. And the president sues that person for defamation. We know it's going to be dismissed because the president is a public figure. But before it gets dismissed, maybe the court adjudicates a personal jurisdiction question. Can the plaintiff, public figure, compel the disclosure of his anonymous critic before a court looks at the merits of that claim? That's kind of what I'm trying to think about. There are cases where it seems like that would be problematic and maybe cases where it wouldn't be. I'm asking you to help me a little bit on how to think through the problem. So, well, they first have to demonstrate factors supporting anonymity, which have not been supported here. This is not highly sensitive. There's no retaliatory harm. It's not children. It hasn't been kept confidential in the first place. Well, Mr. Schroeder, you said that they have evidence that people have received death threats. No, that's completely untrue. The anonymous declaration said, in the past, unspecified as to who, what, when, where, there have been implications for them posting their political views about gun control. They have not received any blowback or threats based on this trademark use. Well, their argument is that this trademark use is an expression of their views on gun control, right? But they haven't received any retaliatory or harm or death threats as a result of posting trademarks on gun parts, our trademarks. Well, even if we accept that distinction by revealing their identities as the users behind these anonymous accounts, it would reveal who the person is even behind the other things that these accounts have posted, right? Well, I think they said that their identities were already revealed. So they're revealing information that suggests there was retaliation based on any basis, right? That's what they're saying. They've received retaliation in the past for we don't know what, we don't know when, and we don't know where. So I have another question for you, which is why do you need – why does – do you or the court need the identity of the defendants in order to litigate the merits of the dispute? I understand why you need the identity of the defendants. If the defendants lose for enforcement purposes, you would need their identity. But in the meantime, before you get to enforcement, wouldn't the judge – would the court be able to adjudicate the merits of whether this is trademark infringement or whether it's parity that successfully avoids trademark infringement without knowing that? And then to require the defendants to produce their identities only if the ruling is against them that requires enforcement? Or am I missing something? I don't think so, Your Honor. I think you're pointing out exactly the point. However, yes, enforcement is one reason, but also let me give you an example. There is one defendant that Mr. Schmutter represents. The defendant's name is The Gatalog. There's one defendant that Mr. Schmutter does not represent. It's called The Gatalog Printable Magazines. Every town has done an investigation and believes through very good basis that these two defendants are intertwined, connected, and operating from the same entity. However, one of them has evaded service and is not in the case. The other one is here. We do not – we have an anonymous declaration from The Gatalog. He doesn't speak of any connection with The Gatalog Printable Magazines. Some of the expedited discovery we got indicates they use the same e-mail address, The Gatalog and The Gatalog Printable Magazines, to sign up for these online platforms. But we don't know the name. So I'm not sure I understand what points you're making. We have to know the – Do you mean that you need to get the other one into the case? Is that the point? That's one. We also need to know who these individuals are behind the usernames to know if they're connected. For example, we don't know if The Gatalog is – or I'll use another example, Freeman. Freeman 1337 on DEFCAD platform is the same Freeman that's on the Odyssey platform offering some of the same and some of the different infringing products. Why would you need to know if they're connected? I mean, can't you just name them as defendants? Undercover the extent of the infringement and how it's being promoted and advertised online and who's doing the downloads. They could easily switch and – Well, just because you – – and Edward L. was asking, maybe you only need the identities for enforcement. And so would you adjudicate whether there is infringement first and then only after that you would get damages depending on the extent of the infringement? Also, we don't know who – we don't know who's operating with whom. So we don't know the relationships. There's no way to test the veracity of – No, but my question is why do you need that for the merits of the infringement claim? Willfulness? Yes, but that presupposes liability. Before you get to willfulness, you have to know whether willfully doing something that isn't wrong, that isn't an infringement, is not a problem. I don't know whether I've lost – No, I was thinking before I responded, and it doesn't presuppose liability. There's – we have a right to litigate the case. We found certain postings online. We know of certain individuals that are making those postings. We don't know the extent. We don't know if they're using other individuals to link to them and distribute the infringing products. And we don't know the relationships between just the defendants that we have sued in this case because there have not been – Perhaps my question is that at least there's a possible view that you do know what the defendants have done, which is what you're objecting to. And I'm just wondering why you need to know about the relationships and all that in order to demonstrate to the district court that what the defendants have done on the Internet and wherever is something that's actionable on a trademark claim, which is what you're claiming. I don't quite understand why all these relationships – I do understand completely why you would need them if you establish liability, and there's an injunction that you need to be able to vindicate if it's violated. And the injunction hearing is on June 8th. I'm sorry to interrupt, Your Honor. The injunction hearing is on June 8th, and the request for the disclosure is June 3rd. That's not sudden. It's not the request – I'm sorry. You're drifting away from – It's not a sudden event for the defendants. They sought leave to make the personal jurisdiction motion on November 29th of last year. Wait, sorry. Just to clarify, so Judge LaValle asked why you would need to know the relationships before an injunction, but your response was the injunction is very soon. So maybe you need it soon – It's very soon. But is that agreeing that you wouldn't necessarily need it to establish liability or to – apart from enforcement? Well, we have – We need the identities to – We have submitted – To adjudicate the personal jurisdiction defense and to enforce any eventual relief. But aside from that – And to establish the interrelationship between the various defendants because it does impact liability. It impacts intent, and we don't have jurisdiction currently over one of them who we believe to be – It also – who we believe to be related to one of the ones that is represented by Mr. Schumacher. I want to be sure this is just pellucid on your part. Explain to me – I think I understand it, but I want to be sure I've got your best shot at this. Why do you think Mr. Schumacher is not entitled to a stay? I don't think that the orders appealed from give rise to this court's jurisdiction. The first two are scheduling orders. There was no abuse of discretion. The final one is asking the defendants to produce, in connection with a motion to dismiss for personal jurisdiction and an impending preliminary injunction hearing that's been on calendar since December of last year, but stayed multiple times, that there's no factors of proceeding anonymously that the defendants have met. There's a minimal – You mean the pilcher factors? Is that what you're talking about? Yes. But in the answer we also said that – Had you finished listing the reasons you think a stay would not be appropriate? The collateral order doctrine does not apply here to the May 26, 2022 order. The defendants do have the choice of defying it, being held in contempt. There is a protective order in this place, and it provides a mechanism. It is not a discretionary mechanism. They can file the information under seal, and the protective order deals specifically with personal identifying information. I guess that was a question that I had for Mr. Schmutter. So is that right? So if they file this information, it would be subject to the confidentiality order? Yes. Automatically? There's a provision in the confidential order, and the confidentiality order has been entered by the court already. And the provision was entered in the protective order by Mr. Schmutter to address this very situation. I have a question about one of the answers that you gave. With respect to anonymity, with respect to the district courts directing that the identities be disclosed in connection with the determination of liability, I'm separating that from in connection with the determination of the court's jurisdiction. Why is that not subject to the collateral order doctrine, making it appealable? What's your reasoning as to why a district court's order to disclose the identity as part of what the court requires in order to adjudicate the merits of the case or the merits of the preliminary injunction motion, why is that not subject to the collateral order doctrine? Because it's not a conclusive resolution of anything. Why isn't it a conclusive resolution of whether they can protect their anonymity, whether they have to reveal their identities? Because we're not publicizing it. We're not necessarily publicizing it. Oh, I see. You're saying because of the confidentiality order. Correct. I see. So even though Pilcher says that the denial of a motion to proceed anonymously is a collateral order that's subject to appeal, you're saying that doesn't apply here because it's not being released to the public just because it's going to be released to a counterparty. Is that the argument? That's yes. But why wouldn't that also be a harm that the information is being released to a counterparty? It's not a harm. We already have incomplete. We have some information, but we don't have this information. It was previously that the district court ruled on it in the context of the denial of a motion to quash a subpoena, right? This is the first time the district court has denied a motion to proceed anonymously. No. He discredited their anonymous declaration, said they were of no evidentiary worth, and ordered them to produce DEFCAD to produce the information. Right, ordered a third party to produce information. DEFCAD's not a third party. This is the first. DEFCAD's a defendant. But it's not the anonymous defendants. This is the first time the anonymous defendants filed a motion to proceed anonymously and it was denied, right? For the defendants, correct, Your Honor. Okay. Thank you. Okay, thank you. Okay, thank you very much, Ms. Gallard. The motion is submitted.